UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

STEFANIE JOLENE KING,                    )
                                         )   No. CV-10-03071-CI
            Plaintiff,                   )
                                         )   ORDER GRANTING PLAINTIFF'S
v.                                       )   MOTION FOR SUMMARY JUDGMENT
                                         )
MICHAEL J. ASTRUE, Commissioner          )
of Social Security,                      )
                                         )
            Defendant.                   )
_____ )

    BEFORE THE COURT are cross-Motions for Summary Judgment. (ECF
No. 17, 19.)  Attorney D. James Tree represents Stefanie Jolene King
Plaintiff); Special Assistant United States Attorney Leisa A. Wolf
represents the Commissioner of Social Security (Defendant).   The
parties have consented to proceed before a magistrate judge. (ECF
No. 7.)  After reviewing the administrative record and briefs filed
by the parties, the court **GRANTS** Plaintiff's Motion for Summary
Judgment and **DENIES** Defendant's Motion for Summary Judgment.

                           **JURISDICTION**

    Plaintiff protectively filed for Supplemental Security Income
(SSI) benefits on August 31, 2007.  (Tr. 12; 128.)   She alleged
disability due to depression, anxiety, and learning disability.
(Tr. 95.)  Her alleged onset date is August 31, 2007.  (Tr. 96.)
Plaintiff's claim was denied initially and on reconsideration, she
requested a hearing before an administrative law judge (ALJ).  (Tr.
41-47.)   A video hearing was held on August 20, 2009, at which

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 1

Plaintiff, who was represented by counsel, testified. (Tr. 24-37.) ALJ W. Howard O'Bryan, Jr., of Oklahoma City, Oklahoma, presided. (Tr. 24.) The ALJ denied benefits on October 21, 2009, and the Appeals Council denied review. (Tr. 3-5; 12-21.) The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF THE CASE

The facts of the case are set forth in detail in the transcript of proceedings and are briefly summarized here. At the time of the hearing, Plaintiff was 37 years old and living with a friend. (Tr. 26.) Plaintiff testified that her mother had custody of her children for the past six years because upon separation from her husband, she was not capable of caring for herself or her children. (Tr. 32-33.) Plaintiff testified that she did not have a permanent address because she could not "get financially stable" due to her medical conditions. (Tr. 26.) She described her medical problems as depression and anxiety. (Tr. 26-27.) Plaintiff completed the tenth grade, and was attempting to obtain a GED. (Tr. 27-28.) Plaintiff reported she was a stay-at-home mom for the first part of her life and at one time, she worked for about 12 days at a cannery. (Tr. 28.) She testified that she feels hopeless everyday, and two or three days per week she stays in bed all day and night. (Tr. 30.) She reported that Wellbutrin gets her going in the morning, and her other medicine helps her sleep at night. (Tr. 34.)

## ADMINISTRATIVE DECISION

ALJ W. Howard O'Bryan, Jr., noted Plaintiff's application for supplemental security income was filed August 31, 2007. (Tr. 12.) At step one, he found Plaintiff had not engaged in substantial gainful activity since the application date. (Tr. 14.) At step

two, he found Plaintiff had severe impairments of "depressive disorder; dysthymia; and dependent personality disorder." (Tr. 14.) At step three, the ALJ determined Plaintiff's impairments, alone and in combination, did not meet or medically equal one of the listed impairments in 20 C.F.R., Subpart P, Appendix 1 (20 C.F.R. 416.920(d), 416.925 and 416.926). (Tr. 14.)  In his step four findings, the ALJ found Plaintiff's statements regarding pain and limitations were not credible to the extent they were inconsistent with the RFC findings. (Tr. 18.)  He found that Plaintiff retained the RFC to perform a full range of work at all exertional levels with the following non-exertional limitations:

> [T]he claimant requires work in relative isolation with limited contact with peers, supervisors, and the general public. The claimant is able to remember, understand, and carry out simple and some complex instructions and carry out simple, routine tasks.  The claimant can adapt to changes in the work environment.  The claimant is able to sustain concentration necessary for unskilled work.

(Tr. 15.)  ALJ O'Bryan found Plaintiff had no past relevant work. (Tr. 20.)    The ALJ found that considering Plaintiff's age, education, work experience, and residual functional capacity, jobs exist in significant numbers in the national economy that Plaintiff can perform.  (Tr. 20.)  The ALJ concluded that the non-exertional limitations have little or no effect on the occupational base of unskilled work at all exertional levels.  (Tr. 20.)  The ALJ quoted the basic mental demands listed in SSR 85-15 and concluded that Plaintiff had no more than moderate limitations in any of the functional areas, and thus was not under a disability.  (Tr. 20-21.)

### STANDARD OF REVIEW

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the Commissioner's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 4

### SEQUENTIAL PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform. *Batson v. Commissioner of Social Sec. Admin.,* 359 F.3d 1190, 1193-94 (2004). If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(i-v), 416.920(a)(4)(i-v).

### ISSUES

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Plaintiff contends the ALJ improperly rejected the opinions of some medical providers, and ignored other medical provider opinions in crafting the RFC. Plaintiff also alleges that the ALJ erred by discounting Plaintiff's credibility and by failing to identify specific jobs, available in significant numbers, consistent with Ms. King's functional limitations. (ECF No. 18 at 9-20.) Defendant contends the ALJ's decision is supported by substantial evidence and free of legal

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 5

1   error. (ECF No. 20.)

2                                **DISCUSSION**

3   **1.    Other Medical Sources - Christopher J. Clark, M.Ed., LMHC;**
        **Carmen Young, PA-C; Peggy Champoux, MSW.**
4

5        Plaintiff argues that the ALJ erred by failing to provide valid

6   reasons for rejecting the opinions of her treating "other source"

7   providers. (ECF No. 18 at 9.)   In disability proceedings, a treating

8   physician's opinion carries more weight than an examining

9   physician's opinion, and an examining physician's opinion is given

10  more weight than that of a non-examining physician. *Benecke v.*

11  *Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81

12  F.3d 821, 830 (9th Cir. 1995).   If the treating or examining

13  physician's opinions are not contradicted, they can be rejected only

14  with clear and convincing reasons.   *Lester*, 81 F.3d at 830.   If

15  contradicted, the opinion can only be rejected for "specific" and

16  "legitimate" reasons that are supported by substantial evidence in

17  the record. *Andrews*, 53 F.3d at 1043.

18       Mr. Clark, Ms. Young and Ms. Champoux are not "acceptable

19  medical sources" who can provide evidence to establish a medically

20  determinable impairment. 20 C.F.R. § 404.1513(a).   However, they do

21  qualify as "other sources" under 20 C.F.R. § 404.1513(d)(1), and

22  their opinions as to functional limitations resulting from an

23  established impairment must be evaluated and can be discounted only

24  by providing specific reasons, "germane" to the witness. SSR 06-03p;

25  *Stout v. Commissioner of Social Security*, 454 F.3d 1050, 1053 (9th

26  Cir. 2006).

27       In this case, the ALJ addressed only one of the three "other

28  source" opinions in the record: The assessment from Carmen Young,

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 6

P.A., a physician's assistant at Central Washington Comprehensive Mental Health.   The ALJ rejected her opinions because she was a "non-acceptable medical source," and her findings were not "entirely consistent with the clinical narrative progress treatment notes or the overall evidence." (Tr. 19.)  The record reveals that Ms. Young completed a Mental Residual Functional capacity Assessment form on July 24, 2009.  (Tr. 378-80.) In the assessment, Ms. Young indicates that Plaintiff is moderately limited in several non-exertional categories.  (Tr. 378-79.)  Ms. Young ultimately concluded that Plaintiff was not capable of full-time work, but she could likely work part-time in the future.  (Tr. 380.)

    As the Plaintiff points out, the ALJ failed to identify specific opinions or provide citations to the record that reveal assessments that are inconsistent with Ms. Young's determination that Plaintiff cannot work full time. (ECF No. 18 at 10-11.) The narrative progress treatment notes from Central Washington Comprehensive Mental Health indicate Plaintiff was depressed, anxious, and at times overwhelmed, tearful, experiencing difficulty with concentration, and plagued by sleep problems.  (Tr. 256; 267-68; 274-78;289-90; 295-96; 301.)  On independent review, no medical evidence can be located from treating or examining providers in the record that directly contradict Ms. Young's assessment.  The mere absence of a corroborating opinion does not constitute a conflict among the medical opinions.  *Widmark v. Barnhart,* 454 F.3d 1063, 1067 (9th Cir. 2006).  Moreover, the ALJ's failure to specify contradictory evidence is insufficiently specific to reject Ms. Young's opinion.  An ALJ's conclusory declaration that medical opinions are "not supported by sufficient objective findings or are

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 7

contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

Additionally, the ALJ failed to address several "other source" opinions. While an ALJ is not required to discuss every piece of evidence, he may not omit evidence that is significant or probative. *Howard v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003). Such omissions are harmless only where they are "inconsequential to the ultimate nondisability determination." *Carmickle v. Comm'r,* 533 F.3d 1155, 1162 (9th Cir. 2008).

For example, the ALJ failed to address the December 30, 2004, Psychological/Psychiatric Evaluation from Peggy Champoux, MSW, Therapist. (Tr. 187-90.) Ms. Champoux found that Plaintiff was markedly impaired in her abilities to exercise judgment and make decisions, and to respond appropriately to and tolerate the pressure and expectations of a normal work setting. (Tr. 189.)

The ALJ also failed to address the July 16, 2007, Psychological/Psychiatric Evaluation from Christopher J. Clark, M.Ed., LMHC, that assessed Plaintiff with several moderate limitations in cognitive and social factors, and three marked impairments in social factors. (Tr. 163-66.) Specifically, Mr. Clark found Plaintiff had marked impairments in her abilities to interact appropriately with public contacts, to respond appropriately to and tolerate the pressure and expectations of a normal work setting, and to control physical or motor movements and maintain appropriate behavior. (Tr. 165.) Mr. Clark noted that Plaintiff had long-term problems tolerating work-like settings and

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 8

staying on task.  (Tr. 166.)

Because Mr. Clark and Ms. Champoux both provided opinions that Plaintiff was markedly impaired in her abilities to adequately function in the workplace and, therefore, contradict the ALJ's RFC assessment, these opinions were significant and probative, and the ALJ's failure to analyze these opinions was not harmless.

**2.   Remand to develop the record.**

An ALJ's duty to develop the record further is triggered "only when there is ambiguous evidence or when the record is inadequate for proper evaluation of evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001).  In determining Plaintiff's RFC, the ALJ relied upon the opinion of the State agency reviewing physician. (Tr. 19.)  However, a non-examining physician's opinion cannot by itself constitute substantial evidence. *Widmark*, 454 F.3d at 1066 n.2.  None of Plaintiff's treating physicians provided opinions related to Plaintiff's non-exertional limitations.  For example, on June 28, 2004, James P. Rougle, D.O., performed a psychiatric evaluation of Plaintiff.  (Tr. 152-54.)  He observed Plaintiff as depressed and anxious, with fair insight and judgment, and cognitively intact.  (Tr. 153.)  Dr. Rougle noted that Plaintiff's sleep pattern and ability to concentrate were disrupted by her anxiety and depression.  (Tr. 153.)  Dr. Rougle diagnosed Plaintiff with generalized anxiety disorder, and depressive disorder NOS. (Tr. 154.)

On September 8, 2006, Plaintiff was examined by Donald Hill, M.D., for a followup related to Plaintiff's depression and anxiety. (Tr. 383.)  Dr. Hill "briefly reviewed" Plaintiff's chart and refilled a prescription for Wellbutrin.  (Tr. 383.)  His diagnosis

was "depression and anxiety by history." (Tr. 383.)

On October 17, 2007, Plaintiff was examined by Sandy Birdlebough, Ph.D., ARNP, of Central Washington Comprehensive Mental Health. (Tr. 226-28.) Dr. Birdlebough observed that Plaintiff's long and short-term memory appeared intact, she exhibited moderately abstract thinking, her intellect appeared average, and her judgment was fair. (Tr. 227.) Dr. Birdlebough found Plaintiff had a "fairly long period of depressive symptoms, going back at least four to five years, and probably longer than that." (Tr. 227.) Dr. Birdlebough diagnosed Plaintiff with Major Depression, single episode, moderate, dysthymia and dependent personality disorder. (Tr. 228.)

Because none of the treating physicians' opinions established Plaintiff's non-exertional limits, remand is required. Medically acceptable diagnostic techniques are required to establish a disability. *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (citing 42 U.S.C. § 423(d)(3)).

Additionally, with regard to exertional limits, the ALJ failed to address the June 19, 2007, Ahmend Tarique, M.D., opinion that Ms. King was limited to a medium level of exertion due to carpal tunnel syndrome. (Tr. 171.)

Since the state agency nonexamining consultants' opinions do not constitute substantial evidence without other support, the record is inadequate to assess Plaintiff's work-related non-exertional limitations, as well as Plaintiff's exertional limitations. Therefore, this matter must be remanded to the Commissioner for additional proceedings.

### CONCLUSION

Having reviewed the record and the ALJ's findings, this court

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 10

concludes the ALJ's decision is not supported by substantial evidence and is based on legal error. Remand consistent with this decision is necessary. Upon remand, the ALJ is directed to obtain complete psychological and physical evaluations, which include an assessment of Plaintiff's nonexertional mental limitations, exertional limitations, and reassess Plaintiff's RFC and credibility. The ALJ is further directed to make new step-four findings in compliance with SSR 82-62 in light of the new RFC, and if necessary, proceed to step five. Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment **(ECF No. 17)** is **GRANTED.** The matter is remanded to the Commissioner for additional proceedings pursuant to sentence four 42 U.S.C. § 405(g).

2. Defendant's Motion for Summary Judgment **(ECF No. 19)** is **DENIED.**

3. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for **Plaintiff** and the file shall be **CLOSED.**

DATED April 5, 2012.

_____S/ CYNTHIA IMBROGNO_____
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 11